IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EDWIN TEEGARDEN                                                    PLAINTIFF

V.                              No. 3:25-CV-00117-LPR-ERE

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER                                                       DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee Rudofsky. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On November 8, 2022, Mr. Edwin Teegarden filed an application for benefits due to heart issues. *Tr. 13, 185*. His claim was denied initially and upon reconsideration. On May 21, 2024, an Administrative Law Judge ("ALJ") held a telephonic hearing, where the ALJ heard testimony from Mr. Teegarden and a vocational expert ("VE"). *Tr. 27-49*. The ALJ issued a decision on July 12, 2024, finding that Mr. Teegarden was not disabled. *Tr. 13–22*. The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. *Tr. 1-3*.

1

Mr. Teegarden, who was fifty-two years old at the time of the hearing, has a high school education and no past relevant work.[1] *Tr. 21, 42.*

## II.   The ALJ's Decision[2]

The ALJ found that Mr. Teegarden had not engaged in substantial gainful activity since his alleged onset date of November 8, 2022, and identified the following severe impairments: ischemic heart disease, hypertension, and depression. *Tr. 15*. The ALJ concluded that Mr. Teegarden did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16.*

According to the ALJ, Mr. Teegarden had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) simple or routine changes that are few and infrequent; and (2) avoidance of workplace hazards. *Tr. 18.*

Based on the VE's testimony, the ALJ found that a substantial number of potential jobs were available in the national economy that Mr. Teegarden could

---

[1] Although Mr. Teegarden previously worked as a welder/grinder, he last performed the work in 2019. *Tr. 21, 45, 191.*

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4).

perform, including routing clerk, price tag ticketer, and housekeeper. *Tr. 22, 46.* Accordingly, the ALJ found that Mr. Teegarden was not disabled.

### III.    Discussion

#### A.    Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

#### B.    Mr. Teegarden's Arguments for Reversal

Mr. Teegarden argues that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) erred in the RFC finding; (2) failed to properly consider the medical equivalency when analyzing the impairment listings;

and (3) asked deficient hypothetical questions. *Doc. 10*. After carefully reviewing the record as a whole, I recommend affirming the Commissioner's decision.

### C.    Analysis

#### 1.    The RFC is Supported by the Record

Mr. Teegarden argues that the RFC is not supported by substantial evidence, because the ALJ discounted subjective allegations of pain, "improperly relied on [his] daily activities, rejected "important aspects of the medical record," and "failed to acknowledge the unpredictability of mental health" when assessing the subjective complaints. *Doc. 10 at 6*. In short, Mr. Teegarden disagrees with the ALJ's overall assessment of the evidence supporting the RFC.

The issue before the Court is not whether substantial evidence supports Mr. Teegarden's claims, but whether it supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Teegarden's claims and the record.

Mr. Teegarden bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the

ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of [his] limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a). When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and 20 C.F.R. § 404.1529(c)). The ALJ "may choose to disbelieve . . . subjective reports because there are inherent inconsistencies or other circumstances that cause the ALJ to question the reliability of the subjective reports." *Twyford v. Comm'r Soc. Sec. Admin.*, 929 F.3d 512, 517–18 (8th Cir. 2019).

In finding that Mr. Teegarden could perform light-duty work with some limitations, the ALJ specifically considered Mr. Teegarden's heart disease, hypertension, and depression but found that his "statements concerning the intensity,

persistence, and limiting effects" of his impairments were not consistent with the medical and other evidence in the record. *Tr. at 19*. In particular, the ALJ noted that Mr. Teegarden's appointments revealed no acute distress and involved only routine, conservative treatment. *Tr. 21, 271, 274, 278, 323; Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (noting that only conservative treatment weighs against a finding of disability). Other than signs of depression, clinical exams showed Mr. Teegarden often was alert, oriented, and cooperative with cognitive function intact and good eye contact. *Tr. 304, 307, 309, 310, 312, 315, 318, 321*. He did not require inpatient hospitalization, or more aggressive mental health treatment. In fact, he declined to see a counselor for treatment. *Tr. 309.*

Substantial evidence also supports the ALJ's finding that Mr. Teegarden's impairments did not limit him to the degree he alleged. The ALJ considered Mr. Teegarden's medically determinable impairments and found that his subjective report of disabling symptoms was not entirely consistent with the record. While Mr. Teegarden disagrees with the ALJ's decision, the Court should defer to the ALJ's assessment of the claimant's subjective complaints when it is supported by good reasons and substantial evidence. *Schwandt*, 926 F.3d at 1012 (citing *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016)). A court "may neither pick nits nor accept an appellant's invitation to rely upon perceived inconsistencies." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018).

"The standard for substantial evidence is not high," and the ALJ's RFC finding, based on the entire record, is supported by substantial evidence. *Ross v. O'Malley*, 92 F.4th 775, 778 (8th Cir. 2024).

### 2.    Medical Equivalency Standard

Mr. Teegarden asserts that the ALJ did not properly consider the medical equivalency standard when analyzing the impairment listings. *Doc. 10.* Specifically, he contends that his impairments medically equaled the listing for angina pectoris.

Again, Mr. Teegarden simply disagrees with the ALJ's analysis of the record as a whole. The ALJ recognized Mr. Teegarden's ischemic heart disease and explained that the evidence did not support a finding that it met a listing or medically equaled a listing. *Tr. 16.* Based on the medical records in this case, which were discussed by the ALJ, nothing else was required. "There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011) (citing *Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003); *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001)). The ALJ noted that routine treatment and the absence of "evidence of any associated cardiovascular disorders such as coronary artery disease, congestive heart failure, or myocardial infarction" undermine Mr. Teegarden's claim that he medically equaled a listing. *Tr. 19.* The ALJ also found that Mr. Teegarden achieved "adequate

symptom relief with only routine and conservative treatment." *Tr. 20; Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022) (upholding ALJ's finding that conservative treatment tended to show that plaintiff's impairments were not disabling). "[A]n ALJ need not articulate specific evidence supporting a finding that an impairment does not medically equal a listed impairment; a simple statement of non-equivalence will suffice." *Deloney v. Saul*, 840 F. App'x 1, 4 (7th Cir. 2020) (citing Social Security Ruling (SSR) 17-2p (Mar. 27, 2017)).

Mr. Teegarden also suggests that the ALJ should have developed the record further before concluding that he did not meet a medical equivalency. "[T]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Mr. Teegarden "has the burden to offer the evidence necessary to make a valid decision about [his] claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). He "bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). "[A]n ALJ does have a duty to develop the record, [but] this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

8

As noted, the medical evidence provided substantial evidence to support the ALJ's findings. The ALJ properly considered Mr. Teegarden's subjective complaints and the medical records. Nothing more was required. "On appeal the claimant must establish that the ALJ's failure to develop the record was unfair or prejudicial in order to warrant reversal on this basis." *Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001).

Mr. Teegarden has not met his burden and the ALJ's overall conclusion is supported by the record.

### 3.      Hypothetical Question

Mr. Teegarden argues that the ALJ's hypothetical questions did not account for his angina, shoulder problems, or depression. *Doc. 10.* However, an ALJ is "not required to ask the vocational expert hypotheticals addressing . . . limitations [that] were [deemed] not credible." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018). Consistent with Mr. Teegarden's severe impairments, one of the ALJ's hypothetical questions was limited light work, with infrequent simple or routine changes and no exposure to workplace hazards. *Tr. 18, 46.* An ALJ should include "only those impairments and limitations he found to be supported by the evidence as a whole in his hypothetical to the vocational expert." *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011). Additionally, if Mr. Teegarden's attorney believed that the hypotheticals contained insufficient non-exertional limitations, he

could have raised the issue in follow-up questioning, but he did not. Instead, he focused on unexcused absences. *Tr. 47-48.*

Here, the ALJ's hypotheticals properly included only the impairments that the ALJ believed were credible and supported by the evidence.

## IV.   Conclusion

As set out above, the ALJ applied proper legal standards in evaluating Mr. Teegarden's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 12 May 2026.

_____
UNITED STATES MAGISTRATE JUDGE